_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 14-1096-JLS (RNBx)                              Date:  January 20, 2015
Title:  Adam Thomas v. Barbara Thomas et al.

_____

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                           N/A
    Deputy Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:** (IN CHAMBERS)  ORDER (1) GRANTING DEFENDANT CUMBERLAND TRUST AND INVESTMENT COMPANY'S MOTION TO DISMISS (Doc. 56), (2) DENYING AS MOOT DEFENDANT SANTA FE TRUST INCORPORATED'S MOTION TO DISMISS (Doc. 57)

    Before the Court are separate Motions to Dismiss filed by Defendant Cumberland Trust and Investment Company and Santa Fe Trust Incorporated.  (Cumberland Mot., Doc. 56; Santa Fe Mot., Doc. 57.)  Plaintiff Adam Thomas opposed, and Defendants replied.  (Cumberland Opp., Doc. 66; Santa Fe Opp., Doc. 68; Cumberland Reply, Doc. 73; Santa Fe Reply, Doc. 69.)  Having read and considered the papers and taken the matter under submission, the Court GRANTS Cumberland's Motion and DENIES Santa Fe's Motion as moot.

    **I.**    **Cumberland's Motion to Dismiss**

    Cumberland argues dismissal is appropriate because the First Amended Complaint fails to properly invoke the Court's diversity jurisdiction.  (Cumberland Mot. at 18.)  The Court agrees.

    First, the FAC fails to adequately allege the citizenship of any of the parties.  It describes Adam Thomas and Barbara Thomas as "residents" of California and Arizona, respectively.  (FAC, Doc. 34, ¶¶ 5-6.)  The diversity jurisdiction statute, however, speaks

_____

**CIVIL MINUTES – GENERAL**                              1

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 14-1096-JLS (RNBx) | Date:  January 20, 2015 |
| Title:  Adam Thomas v. Barbara Thomas et al. | |

of citizenship, not residency.  28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  These terms are not interchangeable.  *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Thus, the FAC does not adequately allege Adam and Barbara Thomas' citizenship.  In addition, the FAC fails to properly allege the citizenship of corporate co-Defendants Cumberland, Santa Fe, Citicorp North America, Inc., and Fidelity Brokerage Services.   It refers to Citicorp as a "corporation headquartered in Delaware," to Cumberland as a "trust company headquartered and doing business in" Tennessee, to Santa Fe as "a trust company who does business in New Mexico," and to Fidelity as a "corporation registered in the state of Rhode Island."  (FAC ¶¶ 7-10.)  A corporation, however, is a citizen of its state of incorporation *and* the state where it has its "principal place of business."  28 U.S.C. § 1332(c)(1).  Where a corporation "does business" is irrelevant.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that a corporation's "principal place of business" is its "nerve center," place where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis).  Because the FAC fails to allege both the state of incorporation and principal place of business for each corporate co-Defendant, it fails to adequately allege their citizenship.

　　　　Second, the FAC fails to properly allege an amount in controversy.  (*See* Cumberland Mot. at 18.)  It alleges that Cumberland and Fidelity together "misappropriated a minimum of $860,000."  (FAC ¶ 25.)  It is unclear that this amount can be aggregated against Cumberland and Fidelity, given that the only claim alleged against Fidelity is for negligence, while Cumberland is charged with breach of fiduciary duty and surcharge.  *See Libby, McNeill, & Libby v. City Nat. Bank,* 592 F.2d 504, 510 (9th Cir. 1978) ("[T]he tests for aggregating claims of one plaintiff against multiple defendants . . . are 'essentially the same . . .: the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several.'").  In any case, the FAC alleges no amount in controversy at all as to Santa Fe and Citicorp.  Thus, it fails to adequately allege the amount in controversy as required by 28 U.S.C. § 1332(a).

　　　　The party asserting diversity jurisdiction bears the burden of proving its existence.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1096-JLS (RNBx)            Date: January 20, 2015

Title: Adam Thomas v. Barbara Thomas et al.

289 F.2d 814, 819 (9th Cir. 1961)). Plaintiff's FAC fails to meet this burden, as he appears to concede. (Cumberland Opp. at 5.) Accordingly, the Court GRANTS Cumberland's Motion and DISMISSES the FAC WITHOUT PREJUDICE. Plaintiff may amend his complaint to properly allege the parties' citizenship and amount in controversy, to the extent he can do so consistent with his obligation under Rule 11. Any amended complaint shall be filed **within 21 days** of this Order.

       **II.**       **Santa Fe's Motion to Dismiss**

       Because the Court dismisses the FAC on jurisdictional grounds, Santa Fe's Motion to Dismiss for failure to state a claim is DENIED AS MOOT. *Cf. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. . . . [W]hen it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

                                                             Initials of Preparer: tg